**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 24-cr-20022-JB**

UNITED STATES OF AMERICA,

v.

PETER STERZ

      Defendant.

_____/

**OMNIBUS ORDER DENYING MOTIONS**
**RELATING TO DISPOSITION OF VESSEL**

**THIS CAUSE** comes before the Court on the following Motions and Notices filed by Defendant, all relating to disposition of a 2007 50 HT vessel known as M/V EXOTICA bearing hull identification number XGUP6619C607 (the "Vessel"): (i) Request for Vessel Status dated July 22, 2025, ECF No. [94], to which the Government filed a Response, ECF No. [96], and an Updated Response, ECF  No. [106]; (ii) Motion for Evidentiary Hearing and Preservation of Property, ECF No. [97]; (iii) Notice of No Response and Renewed Request for Ruling with Supplemental Motion for Disclosure of Vessel Location, Inspection, and Preservation of Property, ECF No. [100]; (iv) Motion for Judgment and Order for Return of Seized Vessel, ECF No. [104]; and (v) Emergency Motion to Enjoin Sale and for Return of Property, ECF No. [113].   Through his various Motions and Notices, Defendant requests that the Court issue an injunction stopping the sale of the Vessel. ECF No. [113].

In April 2024, Defendant pled guilty to one count of encouraging and inducing

an alien to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law, in violation of Title 8, United States Code, Section 1324(a)(l)(A)(iv).  ECF No. [39].  As part of his guilty plea, Defendant signed a Plea Agreement and Factual Proffer.  ECF Nos. [39], [40].  In his Factual Proffer, Defendant agreed that he used the Vessel to smuggle aliens into the United States.  ECF No. [40] ¶¶ 3, 6–7.  Further, Defendant's Plea Agreement states:

> The Defendant further agrees to forfeit to the United States voluntarily and immediately any property used, or intended to be used, in any matter or part, to commit or facilitate the commission of the violations.
>
> ******
>
> The Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any *judicial or administrative proceeding*, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture.

ECF No. [39] ¶¶ 9–10 (emphasis supplied).

In July 2024, the Government filed a Notice on Forfeiture advising that "United States Customs and Border Protection ["CBP"] is pursuing administrative forfeiture of property seized in this case," namely the Vessel.  ECF No. [66]; *see also* ECF No. [96] at 2 ("[A]s set forth in the Notice on Forfeiture, ECF No. 66, the United States Attorney's Office is not pursuing criminal judicial forfeiture. CBP is pursuing administrative forfeiture of the vessel and is going through its agency process.").  In connection with the administrative forfeiture, Coastal 1 Credit Union filed a petition

2

with CBP seeking relief from forfeiture on the basis that Coastal 1 holds a "perfected 1st lien secured against [the] [V]essel." ECF No. [106-1] at 1. On September 5, 2025, CBP approved Coastal 1's petition and agreed to release the Vessel to Coastal 1 upon the performance of certain conditions. *Id*. at 2. Those conditions were met and the Vessel was released to Coastal 1.

Defendant asserts that on April 1, 2026, he received notice from Coastal 1 "stating that the [V]essel was repossessed and will be sold after April 10, 2026." ECF No. [113] at 2. Defendant contends that the Vessel is "subject to a perfected security interest held by Von Sterzing Foreign Trust," of which Defendant is a beneficiary, that was perfected and filed before Coastal 1's lien. *Id*. at 2; ECF Nos. [94], [104] ¶ 4, [107]. As such, Defendant argues that failure to return the Vessel to him violates due process and "secured creditor rights," as well as constitutes an unlawful seizure. ECF No. [113] at 2.

Where property is seized pursuant to civil or administrative forfeiture, or if a movant invokes Rule 41(g) of the Federal Rules of Criminal Procedure after the close of all criminal proceedings, "the court treats the motion for return of property as a civil action in equity." *United States v. Cooper*, 485 F. App'x 411, 414 (11th Cir. 2012 (citations and quotation marks omitted). Equitable jurisdiction to review forfeiture is extremely limited. *See United States v. Watkins*, 120 F.3d 254, 256 (11th Cir. 1997). The decision to exercise equitable jurisdiction is "highly discretionary and must be exercised with caution and restraint." *Cooper*, 485 F. App'x at 414. As the Eleventh Circuit explained, "jurisdiction is generally appropriate 'only when the petitioner's

3

conduct and the merits of his petition require judicial review to prevent manifest injustice.'"   *United States v. Zambrano*, 353 F. App'x 227, 228 (11th Cir. 2009) (quoting *United States v. Eubanks,* 169 F.3d 672, 674 (11th Cir.1999)).  A district court should grant relief only if the movant demonstrates that he has (i) a possessory interest in the seized property and (ii) "clean hands" with respect to that property. *See United States v. Prat*, 584 F. App'x 921, 924 (11th Cir. 2014) (""In order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government,' and that he has 'clean hands' with respect to the property.") (quoting *United States v. Howell,* 425 F.3d 971, 974 (11th Cir.2005)).

Defendant cannot meet his burden. In particular, Defendant cannot demonstrate that he has a possessory interest in the Vessel because he forfeited his rights to the Vessel when he pleaded guilty.  *See* ECF No. [39] ¶ 9; *Prat*, 584 F. App'x at 924 (criminal defendant "no longer had a possessory interest in the forfeited properties" because "[a]s part of his plea agreement, Prat agreed that the listed properties were subject to forfeiture and agreed to give up all interest in them.").  As part of his Plea Agreement, Defendant also "knowingly and voluntarily waive[d] all constitutional, legal and equitable defenses to the forfeiture of the [Vessel] in any judicial or administrative proceeding . . ." and "waive[d] any right to appeal the forfeiture." *Id.* ¶ 10.

Nor can Defendant demonstrate clean hands with respect to the Vessel. Defendant was convicted of smuggling aliens into the United States using the Vessel.

4

*See* ECF No. [65].  Indeed, in his Factual Proffer, Defendant agreed that "had [his criminal] case gone to trial, the United States would have proven . . . beyond a reasonable doubt" that: (i) Defendant was "the captain and operator of the Vessel," (ii)  "six (6) foreign nationals" were housed on the Vessel "in the cabin below deck," none of whom possessed documents that would allow them to lawfully enter the United States, and one of whom had been convicted of an aggravated felony, and (iii) Defendant "receiv[ed] $1,000 from another man in connection with his operation of the Subject Vessel from the Bahamas to the United States."  ECF No. [40] ¶¶ 4, 6–7.

Given Defendant's criminal conviction—and his use of the Vessel to commit the crime for which he was convicted—Defendant is not entitled to equitable relief. *See e.g., Howell*, 425 F.3d at 974. (denying Rule 41(g) motion because defendant "has come into court with extremely 'unclean hands.' One engaged in this type of criminal conduct is hardly entitled to equitable relief."); *United States v. Machado*, 465 F.3d 1301, 1307 (11th Cir. 2006) (district court acted within its discretion in denying defendant's Rule 41(g) motion because to do otherwise would have returned the fruits of his crimes), *abrogated on other grounds*, *Bowles v. Russell*, 551 U.S. 205 (2007); *Prat*, 584 F. App'x at 925 (district court did not abuse its discretion in denying criminal defendant equitable relief because he "undisputedly had 'unclean hands.' As part of his guilty plea, [defendant] admitted that he had used funds obtained from his fraud scheme to purchase the property he had agreed to forfeit.").

Given that Defendant has no valid legal or equitable interest in the Vessel, he is not entitled to return of the Vessel nor an injunction to stop its sale.  Indeed, an

injunction is improper here because Defendant cannot show he would suffer irreparable harm from the sale of the Vessel. "A showing of irreparable injury is the *sine qua non* of injunctive relief." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Monetary harm is not an irreparable injury. *See Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987) ("An injury is 'irreparable' only if it cannot be undone through monetary remedies.") (citation omitted); *see also Anderson v. United Airlines, Inc.*, 577 F. Supp. 3d 1324, 1337 (M.D. Fla. 2021) ("[E]conomic damages [generally] do not constitute irreparable harm sufficient to require a mandatory preliminary injunction.").

Accordingly, for these reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Request for Vessel Status, ECF No. [94]; Defendant's Motion for Evidentiary Hearing and Preservation of Property, ECF No. [97]; Defendant's Motion for Judgment and Order for Return of Seized Vessel, ECF No. [104]; and Defendant's Emergency Motion to Enjoin Sale and for Return of Property, ECF No. [113], are **DENIED**.

2. Defendant's Renewed Request for Ruling with Supplemental Motion for Disclosure of Vessel Location, Inspection, and Preservation of Property, ECF No. [100] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida this 8th day of April, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

6